UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY A. VAIL,

         Plaintiff,
                       9:12-CV-0234
v.                               (GTS/RFT)

JOSEPH SMITH, Superintendent; Shawangunk
Corr. Facility; LOUIS PINGOTTI, Captain;
Shawangunk Corr. Facility; PETER PRESTON,
Sergeant; Shawangunk Corr. Facility; and
MAUREEN BOLL, Deputy Comm'r and
Counsel; Dep't of Corr. and Cmty. Supervision,

         Defendants.
_____

APPEARANCES:             OF COUNSEL:

TIMOTHY A. VAIL, 89-C-1513
 Plaintiff, *Pro Se*
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. ERIC T. SCHNEIDERMAN      JOSHUA E. McMAHON, ESQ.
Attorney General for the State of New York  Assistant Attorney General
Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

   Currently before the Court, in this prisoner civil rights action filed *pro se* by Timothy A.

Vail ("Plaintiff") against the four above-captioned New York State correctional employees

("Defendants"), are (1) United States Magistrate Judge Randolph F. Treece's Report-

Recommendation recommending that Plaintiff's Complaint be dismissed; and (2) Plaintiff's

Objections to the Report-Recommendation. (Dkt. Nos. 61, 62.) For the reasons set forth below,

Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not summarize Plaintiff's claims, this action's procedural history, or the parties' arguments on Defendants' motion for summary judgment, because this Decision and Order is intended primarily for the review of the parties, and they have (in their underlying motion papers) demonstrated an accurate understanding of those facts.

Generally, in his Report-Recommendation, Magistrate Judge Treece made the following three recommendations: (1) that Plaintiff's claims against Defendant Preston, now deceased, be dismissed pursuant to Fed. R. Civ. P. 25(a)(1), based on Plaintiff's failure to file a motion for substitution within 90 days of Preston's death; (2) that Plaintiff's claims against Defendant Boll, a supervisor, be dismissed based on Plaintiff's failure to adduce admissible evidence from which a rational fact-finder could conclude that Boll was personally involved in the constitutional violations alleged; and (3) that Plaintiff's claims against Defendants Smith and Pingotti be dismissed based on Plaintiff's failure to adduce admissible evidence from which a rational fact-finder conclude that his First Amendment right to the free flow of incoming and outgoing mail was violated under the circumstances (in which Smith and Pingotti have established that the policy in question is rationally related to the legitimate penological concerns of the Shawangunk Correctional Facility's administrators). (Dkt. No. 61.)

Generally, in his Objections, instead of making any arguments regarding his claims against Defendants Preston and Boll, Plaintiff makes arguments regarding his claims against Defendants Smith and Pingotti, arguing that, in support of their claim of penological justification for their envelope policy, Smith and Pingotti merely offer their own affidavits, which are

unsupported by extraneous evidence (such as grievances, memoranda from staff or emergency requisition orders) and contradicted by the fact that inmates are allowed to purchase an unlimited number of manilla envelopes and send out an unlimited amount of mail each day (thus undermining any asserted problems caused by allowing inmates to purchase an unlimited number of letter-sized envelopes). (Dkt. No. 61.)

## II.     GOVERNING LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.*

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

*Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendations' findings regarding Plaintiff's claims against Defendants Preston and Boll (with which he did not take issue in his Objections). Indeed, Plaintiff has expressly conceded his lack of evidence of Defendant Boll's personal involvement in the constitutional violations alleged. (Dkt. No. 57, Attach. 2, at 3 [attaching page "1" of Plf.'s Opp'n Memo. of Law].)

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Turning to the Report-Recommendations' findings regarding Plaintiff's claims against Defendants Smith and Pingotti, the Court begins by noting that Plaintiff's challenge to those findings (i.e., that Smith and Pingotti merely offer their own affidavits, which are unsupported by extraneous evidence and contradicted by the fact that inmates are allowed to purchase an unlimited number of manilla envelopes and send out an unlimited amount of mail each day) consists of arguments that were asserted in his memorandum of law in opposition to Defendants' motion. (*Compare* Dkt. No. 62, at 3-6 [attaching pages "1" through "4" of Plf.'s Obj.] to Dkt. No. 57, Attach. 2, at 6, 11 [attaching pages "4" and "9" of Plf.'s Opp'n Mem. of Law].) As pointed out above in Part II of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendations' findings regarding Plaintiff's claims against Defendants Smith and Pingotti: Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

For all of these reasons, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 61.) To those reasons, the Court would add only the following analysis.

Even if the Court were to treat Plaintiff's challenge to the Report-Recommendation as containing new arguments that were not asserted in opposition to Defendants' motion, and thus subject the findings regarding Plaintiff's claims against Defendants Smith and Pingotti to a *de novo* review, the Court would find those findings survive that review. This is because, even without supporting exhibits, an affidavit may suffice to enable a movant to meet its threshold

burden on a motion for summary judgment.[5] Moreover, the facts asserted and supported by Defendants in their Rule 7.1 Statement were never denied by Plaintiff in his Rule 7.1 Response. (Dkt. No. 57, at ¶¶ 9, 11, 12, 16-21, 26.) Merely "[d]enying knowledge or information sufficient to form a belief" is inadequate to create a genuine dispute of material fact.[6] This rule applies even to *pro se* litigants.[7]

Furthermore, even if the Court were to *sua sponte* review the entire record (which it exercises its discretion not to do under the circumstances, given the size of the record and Plaintiff's enlarged opportunity to be heard), a non-movant cannot create a genuine dispute of material fact by merely challenging the veracity of an affiant.[8] On a summary judgment motion, the Court may not make credibility determinations.

Finally, *at most*, the fact that inmates are allowed to purchase an unlimited number of manilla envelopes and send out an unlimited amount of mail each day appears inconsistent with the assertion that the temporary lifting of the policy regarding letter-sized envelopes disrupted the mailing distribution process and interfered with the orderly operation of the prison (unless

---

[5] *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits or declarations . . . ."); N.D.N.Y. L.R. 7.1(a)(3) ("The record for purposes of the Statement of Material Facts includes . . . affidavits."); *see, e.g., Union Carbide Corp. v. Exxon Corp.*, 77 F.3d 677, 682 (2d Cir. 1996) ("Standing alone, these declarations were more than sufficient to support summary judgment in favor of Exxon.").

[6] *See, e.g., Whitehurst v. 230 Fifth, Inc.,* 998 F. Supp.2d 233, 248 (S.D.N.Y. 2014); *Alfano v. NGHT, Inc.*, 623 F. Supp.2d 355, 362 (E.D.N.Y. 2009).

[7] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 427 & n.6 (N.D.N.Y. 2009) (Suddaby, J.) (citing cases).

[8] *Cusamano*, 604 F. Supp.2d at 496; *Torres v. Caron*, 08-CV-0416, 2009 WL 5216956, at *2, n.8 (N .D.N.Y.2009) (Lowe, M.J., adopted by Mordue, C.J.); *Chem. Bank v. Hartford Acc. & Indem. Co.*, 82 F.R.D. 376, 378 (S.D.N.Y.1979).

one concludes that the lifting of the policy overburdened an already strained system). In any event,

Plaintiff's reliance on the above-stated facts wholly ignores that (1) Shawangunk Correctional Facility is a maximum security prison, (2) the policy reduces the waste and hoarding of letter-sized envelopes (which increase the incidence of vermin, fires, contraband-secretion, visibility-blocking, and "kiting"), (3) Shawangunk Correctional Facility's inmates have "other avenues" for sending out time-sensitive mail (especially given that the prisoners can prioritize their correspondence), and (4) prison staff had a difficult time implementing an alternative policy (in which inmates could receive extra letter-sized envelopes if they could demonstrate a need for the request) because inmates could not verbalize a legitimate need for extra letter-sized envelopes.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 61) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Defendant Preston are **DISMISSED** from this action pursuant to Fed. R. Civ. P. 25(a)(1); and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 50) is **GRANTED**, and all of Plaintiff's remaining claims against Defendants Smith, Pingotti and Boll are dismissed; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: February 25, 2015
      Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge